IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| SUPER WINGS INTERNATIONAL, LTD., | No. 9-115 EJM |
| Plaintiff, | |
| v. | ORDER |
| JODY L. KEENER, | |
| Defendant, | |
| J. LLOYD INTERNATIONAL, INC., | |
| Intervenor, | |

This matter is before the court on resisted Motions for Summary Judgment filed by Super Wings International Ltd. (Super Wings) against defendant Keener on August 6, 2010, and by intervenor J. Lloyd International (JLI) against Super Wings on September 6, 2010. Briefing concluded on September 30, 2010. Denied.

Super Wings, a Chinese corporation organized under the laws of Hong Kong, brings this action against Jody Keener, a citizen of Iowa, for Breach of Contract and Action on Promissory Note. Citizenship is diverse, and the amount in controversy exceeds $75,000. The court has jurisdiction pursuant to 28 USC §1332.

Super Wings manufactured toys, molds, and other processes for J. Lloyd International (JLI), a company half-owned by Keener, and half owned by nonparty Wai Har Yip. Following a dispute between Super Wings and JLI, an Agreement was entered into by Super Wings, JLI, Keener, and Yip, wherein it was agreed JLI owed Super Wings $4,512,000 for certain manufacturing. The Agreement further stated

1

Super Wings possessed molds and tooling owned by JLI, and noted Yip and Keener are equal shareholders of JLI. The Agreement was a compromise of the dispute between Super Wings and JLI, and provided that the debt owed to Super Wings would be repaid through two promissory notes executed on December 30, 2008 – one executed by Keener for $2,000,000, and another executed by Yip for $2,512,000. As part of the consideration for the execution of the promissory notes, the Agreement provides for Super Wings' release of certain molds and tooling owned by JLI.

Super Wings seeks summary judgment on Keener's note. The note, attached to the First Amended Complaint as Exhibit B, requires Keener to pay Super Wings $2,000,000 pursuant to an attached amortization schedule. The first six monthly payments were each made in the amount of $8,333.33 representing interest only, and the next eighteen monthly payments were each to be made in the amount of $115,561.07. Super Wings asserts Keener made the first six interest payments, and failed to make any further payments. Super Wings urges that the note is a negotiable instrument under IC §554.3104, and that it is entitled to enforce the instrument under IC §554.3301 unless defendant proves a defense or claim in recoupment.

In resistance to Super Wing's motion, Keener asserts he has raised a defense under IC §554.3308(2), to wit, Super Wings' failure to release the molds and tooling in accordance with the Agreement, which the court understands Keener to urge

supplements the note, and is part of the consideration, or value received, for the note.

On February 17, 2010, JLI was granted leave to intervene, bringing its claim that as part of the above Agreement, Super Wings agreed to return the tooling and molds in consideration for the note, and that it has refused to release and ship the tooling and molds to JLI. JLI seeks summary judgment on its claim of Super Wings' breach.

In resistance to JLI's motion, Super Wings urges disputed issues of fact as to the terms and conditions of the Agreement including as to "return" and "release," whether JLI authorized release of the molds and tooling, and as to breach.

> Fed. R. Civ. P. 56(c) provides that summary judgment shall be entered if the "pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is not a genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In deciding whether to grant a motion for summary judgment, the district court must view the evidence in favor of the party opposing the motion and give him the benefit of all reasonable inferences. Kegal v. Runnels, 793 F2d 924, 926 (8th Cir. 1986). However, parties opposing a summary judgment motion may not rest merely upon the allegations in their pleadings. Buford v. Tremayne, 747 F2d 445, 447 (8th Cir. 1984). The opposing parties must resist the motion by setting forth specific facts showing that there is a genuine issue of material fact for trial. Id., (citing Fed. R. Civ. P. 56(e) and Burst v. Adolph Coors Co., 650 F2d 930, 932 (8th Cir. 1981)).

Green v. St. Louis Housing Authority, 911 F2d 65, 68 (8th Cir. 1990).

Upon review, the court finds there are disputed issues of material fact precluding the entry of summary judgment.

3

It is therefore

ORDERED

Motions denied.


June 6, 2011.

_Edward J. McManus_
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT