IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| SUPER WINGS INTERNATIONAL, LTD., <br><br> Plaintiff, <br><br> vs. <br><br> JODY L. KEENER, <br><br> Defendant. | No. C09-0115 <br><br> RULING ON MOTION *IN LIMINE* |
| J. LLOYD INTERNATIONAL, INC., <br><br> Intervenor Plaintiff, <br><br> vs. <br><br> SUPER WINGS INTERNATIONAL, LTD., <br><br> Intervenor Defendant. | |

On the 8th day of December 2011, this matter came on for telephonic hearing on the Motions *in Limine* (docket number 55) filed by Super Wings International, Ltd. ("Super Wings") on November 29, 2011. Super Wings was represented by its attorneys, Mark A. Roberts and Dawn M. Gibson. Defendant Jody L. Keener and Intervenor J. Lloyd International, Inc. ("JLI") were represented by their attorneys, Robert F. Wilson and Michael K. Lahammer.

In its motion *in limine*, Super Wings raises seven issues:

### 1. Extrinsic Evidence Regarding the Contract

First, Super Wings asks that Keener and JLI be prohibited from offering any testimony purporting to alter the terms of the promissory note or the December 30, 2008

1

agreement (hereafter "the agreement"). Both documents contain language indicating that the terms cannot be changed or modified, except in writing. Super Wings objects specifically to any testimony suggesting that its obligation to "release" the molds and tooling requires Super Wings to "package, ship or pay for the shipment of any such items."

In their resistance, Keener and JLI concede that "when an agreement is fully integrated, the parol-evidence rule forbids the use of extrinsic evidence introduced solely to vary, add to, or subtract from the agreement." Keener and JLI assert, however, that the integration clauses found in the agreement and the promissory note do not prevent them from offering evidence regarding "any prior oral agreement" constituting a separate agreement. Furthermore, Keener and JLI argue that the parol evidence rule does not preclude testimony which does not "vary or alter" the terms of the agreement, but simply describes what the parties meant by the words used in their agreement. Specifically, Keener and JLI note that the term "release" was not defined in the agreement, and argue that the alleged ambiguity may be addressed by parol evidence.

Both documents contain integration clauses. Accordingly, neither party may offer parol evidence which is intended to "vary, add to, or subtract from" the documents. *C & J Vantage Leasing Co. v. Wolfe*, 795 N.W.2d 65, 85 (Iowa 2011). If the parties had some discussion regarding what was meant by the term "release," however, then testimony regarding the definition agreed to by the parties will be admitted. *Echols v. State*, 440 N.W.2d 402, 404 (Iowa App. 1989) ("The parol evidence rule is not violated when extrinsic evidence is received to assist the trial court in determining the meaning of contractual language."). While parol evidence may sometimes be used to establish a prior separate agreement or a subsequent separate agreement, *Garland v. Branstad*, 648 N.W.2d 65 (Iowa 2002), no such agreements were alleged by Keener or JLI in the pleadings, discovery, or proposed final pretrial order. Accordingly, parol evidence cannot be offered for those purposes here.

## 2. *Undisclosed Witnesses*

In the initial proposed final pretrial order, Keener and JLI identified seven witnesses: Tom Tong, Alan Laue, John Olson, Carol Sears, Wai Har Yip (a/k/a Dora Yip), Kevin Albers, and S.H. Kwok. In a modified proposed final pretrial order, Keener and JLI added Keener as an eighth witness. Super Wings objects to the designation of some witnesses for the reason that they were not disclosed in Keener's and JLI's initial disclosures, and objects to others for the reason they were not identified as witnesses in Keener's and JLI's answers to interrogatories, and objects to some witnesses for both reasons.

FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)(A)(i) requires a party to disclose the identity of persons that "the disclosing party may use to support its claims or defenses." A party also has a duty to supplement its disclosures. *See* RULE 26(e)(1). In their initial disclosures (attached to the instant motion as Exhibit A), Keener and JLI identified Jody L. Keener, Wai Har Yip, Tim Yip, Peter Jacobs, Kevin Alpers,[1] and Ernest Petit. That is, of the eight witnesses identified by Keener and JLI in the proposed final pretrial order, only Jody Keener, Wai Har Yip, and Kevin Albers were identified in the initial disclosures.

Super Wings also submitted interrogatories to Keener and JLI. Their answers to those interrogatories were attached to the instant motion as Exhibits B and C. Among other things, Keener was asked to identify "each witness you intend to call at trial." Keener responded as follows:

> Discovery has not been completed and there is no determination made as to witnesses at trial. See provisions of order for Pretrial Statement.

---

[1] The Court assumes that the Kevin Albers identified in the proposed final pretrial order is the same person as Kevin Alpers identified in the initial disclosures.

3

Keener's Answer to Interrogatory No. 3 (docket number 55-3 at 5). Similarly, JLI was asked to identify each witness it intended to call at trial, with the following response: "Unknown at this time, see Pretrial Order."[2]

Keener was also asked in Super Wings' interrogatories to identify persons having "material knowledge of the facts and issues of this action." Keener identified Dora Yip, Tim Yip, John Oleson, Rob Webstein, Kevin Albers, Pete Jacob, and Jody Keener.[3] That is, of the eight persons identified by Keener as witnesses on the proposed final pretrial order, only Dora Yip, John Olson,[4] Kevin Albers, and Jody Keener were previously identified as persons having "material knowledge." When asked the same question in its interrogatories, JLI identified Jody Keener, Mike Fleckensteil, Ernie Pettit, and Tom Woo. It is the Court's understanding that Tom Tong and Tom Woo are the same person. Accordingly, of the eight witnesses identified in the proposed final pretrial order, only Tom Tong (a/k/a Tom Woo) and Jody Keener were previously identified by JLI as having "material knowledge."

In summary, neither Keener nor JLI identified any "witness you intend to call at trial" in their answers to interrogatories. Of the eight witnesses now listed in the proposed final pretrial order, Tom Tong (a/k/a Tom Woo), John Olson, Wai Har Yip (a/k/a Dora Yip), Kevin Albers, and Jody Keener were identified in the answers to interrogatories as persons having material knowledge. Alan Laue, Carol Sears, and S.H. Kwok, were not included in the initial disclosures, nor were they identified by Keener or JLI as a person having knowledge or a potential witness.

In response, JLI notes that in Interrogatory No. 10, it was asked to identify "all witnesses" to its allegation that Super Wings refused to release molds or tools in its

---

[2] *See* JLI's Answer to Interrogatory No. 4 (docket number 55-4 at 6).

[3] *See* Keener's Answer to Interrogatory No. 5 (docket number 55-3 at 7).

[4] The Court assumes that John Olson identified in the proposed final pretrial order is the same person as John Oleson identified in the answers to interrogatories.

4

possession. In its answer to the interrogatory, JLI identified Jody Keener and Tom Tong.[5] Keener and JLI also assert in their resistance to the instant motion that Carol Sears was "discussed" in Keener's deposition and S.H. Kwok was "mentioned numerous times" in Keener's deposition.

Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 26(a), a party to a federal action must disclose the identity of persons which it may use to support its claims or defenses. The sanction for failing to make the required disclosures is found in FEDERAL RULE OF CIVIL PROCEDURE 37:

> If a party fails to provide information or identify a witness as required by RULE 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

FED. R. CIV. P. 37(c)(1).

Wai Har Yip, Kevin Albers, and Jody Keener were identified in Keener's and JLI's RULE 26(a) initial disclosures. They were not identified as witnesses by Keener and JLI in their answers to interrogatories. Keener identified all three, however, in his interrogatories as persons having "material knowledge of the facts and issues of this action." Tom Tong and John Olson were not included in the RULE 26(a) initial disclosures, nor were they listed as witnesses in the answers to interrogatories. However, both were listed by JLI as persons having "material knowledge." Alan Laue, Carol Sears, and S.H. Kwok were not listed in the initial disclosures, were not identified in the answers to interrogatories as persons having material knowledge, and were not identified in the answers to interrogatories as witnesses.

As noted, Keener and JLI failed to disclose Tom Tong and John Olson, as required by RULE 26(a). Accordingly, Keener and JLI may not use those witnesses at trial "unless the failure was substantially justified or is harmless." *See* FED. R. CIV. P. 37(c)(1). Here,

---

[5] *See* JLI's Answer to Interrogatory No. 10 (docket number 55-4 at 12).

Keener and JLI do not argue that their failure to comply with RULE 26(a) and (e) was substantially justified, but argue instead that the failure was harmless, since the witnesses were otherwise identified as persons having knowledge. "When a party fails to provide information or identify a witness in compliance with RULE 26(a) or (e), the district court has wide discretion to fashion a remedy or sanction as appropriate for the particular circumstances of the case." *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008). In determining an appropriate remedy, the Court must consider, among other things, "the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony." *Id.* It is important to remember, however, that "the district court's discretion narrows as the severity of the sanction or remedy it elects increases." *Id.*

Turning to the facts in the instant action, Keener and JLI offer no explanation for their failure to comply with RULE 26(a) or (e). It would appear, however, that the "surprise and prejudice" to Super Wings is limited by the disclosure of Tom Tong and John Olson in the answers to interrogatories as persons having material knowledge. Those answers were apparently served on March 23, 2010, more than 20 months prior to the trial, and just one month after the initial disclosures. Turning to the other *Wegener* factors, it does not appear that allowing the testimony will "disrupt the order and efficiency of the trial." The Court is unable to determine on this record the "importance" of the testimony. After considering all of the circumstances, the Court concludes that Keener and JLI should be permitted to call Tom Tong and John Olson at the time of trial, notwithstanding their failure to supplement the initial disclosures. Alan Laue, Carol Sears, and S.H. Kwok were not listed in the initial disclosures, nor were they later identified as persons having knowledge. They will not be permitted to testify. FED. R. CIV. P. 37(c)(1).

The Court has not disregarded the fact that Keener and JLI did not list *any* "witnesses" in their answers to interrogatories, despite Super Wings' request that they do so. Arguably, Keener and JLI are thereby precluded from calling any witnesses at the time of trial. This remedy would obviously have a severe effect on a party's claims, however, and should be invoked sparingly. Since Tom Tong, John Olson, Wai Har Yip, Kevin Albers, and Jody Keener were identified in the answers to interrogatories as persons having material knowledge, the Court will permit their testimony.

### 3. *Expert Testimony Regarding Valuation*

Next, Super Wings objects to Keener or JLI offering any testimony regarding the alleged value of the molds and tooling in question. Keener and JLI concede that they did not disclose any expert witnesses. In their resistance to the instant motion, however, Keener and JLI make the surprising assertion that "no expert is needed to establish the value of the tooling and molds."[6] They provide no authority in support of their claim. Keener and JLI also suggest that some of their witnesses may qualify as experts, asserting that "several of the witnesses have been in the toy manufacturing and distribution business for decades."[7] Even *if* a witness may qualify as an expert, they may not render expert opinions without being first designated as an expert. *Harris v. Steelweld Equipment Co., Inc.*, 869 F.2d 396 (8th Cir. 1989). None of the witnesses will be permitted to render expert opinions regarding valuation, with the possible exception of Jody Keener, as discussed below.

At the time of hearing, the Court questioned counsel regarding whether Jody Keener is permitted to testify regarding the value of the molds and tooling. Generally, an owner of personal property is qualified as competent to testify as to its value. *Beneficial Finance Co. v. Reed*, 212 N.W.2d 454, 459 (Iowa 1973); *Slabaugh v. Eldon Miller, Inc.*, 55 N.W.2d 528, 532 (Iowa 1952) ("There can be no real dispute that the owner of

---

[6] *See* Brief in Support of Resistance (docket number 56-1) at 9.

[7] *Id.*

7

personal property is qualified and competent to testify to its value."). It thus appears that Jody Keener may testify regarding the value of the personal property without first qualifying as an "expert." That begs the question, however, whether Keener would nonetheless have to be timely disclosed as an "expert" or identified in the answers to interrogatories as a person giving expert testimony. The Court reserves ruling on these issues and invites the parties to present additional authority at the time of trial.

### 4. Timely Designation of Exhibits

In its Order Scheduling Trial (docket number 50), the Court set a final pretrial conference on November 28, 2011. The Order further provided that not later than seven days prior to the final pretrial conference, the parties must submit a proposed final pretrial order, including a list of all exhibits to be used at trial. Pursuant to the Court's Order, "[a]ny exhibits not listed in the order will be subject to exclusion at trial and any objection not indicated will be deemed waived, unless this order is modified prior to trial to prevent manifest injustice."[8] Super Wings asserts in its instant motion that Keener and JLI did not designate any exhibits until approximately 5:00 p.m. on November 21, 2011 – the deadline for submitting the proposed final pretrial order. Additional exhibits were allegedly designated on the following day. In response, Keener and JLI assert that the exhibits were disclosed "fairly contemporaneously" with the designation of exhibits by Super Wings.[9]

The Court finds Keener's and JLI's nonchalance in complying with Court Orders to be troubling. The Order Scheduling Trial also required the parties to submit trial briefs not later than November 21, 2011. Keener and JLI failed to comply with the Court Order. At the final pretrial conference on November 28, counsel were reminded of Keener's and JLI's noncompliance. Counsel was reminded again on December 8, at the hearing on the instant motion in limine. Keener and JLI finally filed its trial brief on December 11, nearly three weeks late.

---

[8] *See* Order Scheduling Trial (docket number 50) at 2.

[9] *See* Brief in Support of Resistance (docket number 56-1) at 10.

Nonetheless, the Court concludes that the exhibits should not be excluded as a consequence of the untimely designation. It would appear that Keener's and JLI's proposed exhibit list was submitted to the Court on November 23, two days after the due date and five days prior to the final pretrial conference. Keener and JLI will be permitted to offer those exhibits identified on their proposed exhibit list, subject to the objections posed by Super Wings.

### 5. Exhibit I

Super Wings objects specifically to Exhibit I, asserting that it "has never been produced."[10] In their resistance, Keener and JLI assert that they "have disclosed to Super Wings all documents in their possession that relate to this case."[11] At the time of hearing, counsel for Keener and JLI asserted that the exhibit is "not that important" and that no prejudice would result from its admission. (If the exhibit is "not that important," then presumably no prejudice would result for its *exclusion*, either.)

*If* Exhibit I was not produced prior to the submission of the proposed final pretrial order, then the Court will not permit its admission at the time of trial. The Court reserves ruling on this issue. The parties should be prepared to offer evidence regarding whether or not Exhibit I was timely disclosed.

### 6. Untranslated Documents

Super Wings objects to the submission of any documents which were not fully translated into English; specifically Exhibits G, H, M, and U. Exhibit G appears to be approximately 30 pages listing molds and tooling.[12] The first page is in English. The remaining pages are in Chinese. Exhibit H is 14 pages, with the first page including

---

[10] Exhibit I appears to be 24 pages identifying various molds by their number and, apparently, describing their condition.

[11] *See* Brief in Support of Resistance (docket number 56-1) at 10.

[12] The Exhibit fails to comply with Local Rule 83.6.a.3, which requires "[e]xhibits longer than one page must be paginated at the bottom of each page."

Chinese symbols and the remaining pages in English. Exhibit M is 15 pages, with 2 of the pages containing some Chinese symbols. Exhibit U is 209 pages of spreadsheets. Most of the documents appear to be in English, although in some documents the "part description" is in Chinese.

Super Wings cites several cases in support of its claim that documents containing a foreign language are inadmissible in federal court. It would appear, however, that those cases are generally distinguishable from the instant action. For example, in *Heary Bros. Lightning Protection Co, Inc.. v. Lightning Protection Institute*, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003), the Court *sua sponte* struck four documents from a supplemental affidavit submitted on a motion for summary judgment when one document was "untranslated from Spanish, one in a language that appears to be Romanian, one in French which appears to be a standard for Yugoslavia (or some previous incarnation of that country), and one in a language that may or may not be Czech." In *United States v. One 1988 Chevrolet Cheyenne*, 357 F. Supp. 2d 1321 (S.D. Ala. 2005), the claimant submitted a five-page typewritten document written in Spanish, purporting to chronicle the claimant's medical condition. The document was undated, unsigned, unverified, did not appear on letterhead, and did not identify its author. "Moreover, no certified translation accompanie[d] this document, rendering it undecipherable to those not literate in Spanish." *Id.* at 1329. The Court concluded that the document "may properly be excluded from consideration here." *Id.*

On the other hand, the First Circuit Court of Appeals concluded in *United States v. Diaz*, 519 F.3d 56 (1st Cir. 2008), that the district court did not abuse its discretion in admitting documents for a limited purpose which were written partially in Spanish. The Court noted that "[t]he submission of foreign language documents unaccompanied by English translations is error and in ordinary circumstances would bar those documents from consideration by the court." *Id.* at 64. The Court in *Diaz* concluded, however, that

the documents were admitted for a limited purpose and "their evidentiary significance was facially apparent." *Id.*

*United States v. Rivera-Rosario*, 300 F.3d 1 (1st Cir. 2002), also cited by Super Wings, has no application here. In *Rivera*, a jury in Puerto Rico listened to 180 tapes played in Spanish throughout four days of a trial, provided only with a Spanish transcript. The Court concluded this was error. Similarly, in *Lopez-Carrasquillo v. Rubianes*, 230 F.3d 409, 413-14 (1st Cir. 2000), the Court declined to consider two pages from a transcript of defendant's deposition in Spanish, because no English translation was provided. Here, the disputed evidence is not testimony rendered in a foreign language. Rather, they are documents written partially in Chinese.

At this point, the Court has not been provided with any foundation for the exhibits, what they are intended to prove, or what significance may be given to those pages containing Chinese writing. The Court concludes their admissibility must be determined at the time of trial.

### 7. Evidence Regarding Offers of Compromise

Finally, citing FEDERAL RULE OF EVIDENCE 408, Super Wings asks that Keener and JLI be prohibited from offering evidence regarding any offer of compromise. Keener and Super Wings respond that "[t]his rule is not implicated when the evidence is offered for purposes other than proving liability or amount of a claim."[13] Keener and JLI offer no clue as to what those "other purposes" may be in this case.

FEDERAL RULE OF EVIDENCE 408(a) provides generally that evidence regarding an attempt to compromise a claim, and conduct or a statement made during compromise negotiations, are not admissible "either to prove or disprove the validity or amount of a disputed claim." While RULE 408(b) identifies certain exceptions, they do not appear to be applicable here. Offers of compromise, and conduct or statements made during

---

[13] *Id.* at 11.

compromise negotiations, will not be admissible at trial unless Keener or JLI are able to establish a recognized exception.

## ORDER

IT IS THEREFORE ORDERED that the Motion *in Limine* (docket number 55) filed by Super Wings is **GRANTED** in part and **OVERRULED** in part, as set forth above.

DATED this 15th day of December, 2011.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA